IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSALIA E. RAMIREZ, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PALISADES COLLECTION LLC, <br><br> Defendant. | Civil Action No.: 07 C 3840 <br><br> Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

Rosalia Ramirez brings a putative class action against Palisades Collection, LLC ("Palisades"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), (5), (10) and 1692f. After amending her complaint, Ramirez brings an amended motion for class certification under Fed. R. Civ. P. 23. For the reasons below, the motion is granted.

## **BACKGROUND**

Ramirez alleges Palisades violated the FDCPA by suing Illinois debtors on time-barred debts. In Illinois, a plaintiff has 10 years to sue for violation of a written contract and five years to sue for violation of an unwritten contract.[1] 735 ILCS 5/13-206; 735 ILCS 5/13-205. A

---

[1] In order to qualify for the 10 year limitations period, the written instrument itself must identify the parties to the agreement and all of its essential terms. *Brown v. Goodman*, 147 Ill. App. 3d 935, 939, 498 N.E.2d 854 (Ill. App. Ct. 1986); *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730 (Ill. App. Ct. 1990). The test is whether all its essential terms including the identity of the parties can be ascertained from the written instrument itself. *Id.* Even where there is a written contract, the five year limitations period is applicable if parol evidence is necessary to establish that the plaintiff has the right to bring suit. *Toth*, 207 Ill. App. 3d at 669. If the existence of the contract or an essential term of the contract must be proven by parol evidence,

plaintiff suing for violation of a written contract must attach that contract to its complaint; if it does not, the contract is considered unwritten. 735 ILCS 5/2-606; *Barnes v. Peoples Gas Light and Coke Co.*, 103 Ill. App. 2d 425, 428, 243 N.E.2d 855, 857 (Ill. App. Ct. 1968); *O.K. Elec. Co. v. Fernandes*, 111 Ill. App. 3d 466, 444 N.E.2d 264, 267 (Ill. App. Ct. 1982). Ramirez alleges that, on November 20, 2006, Palisades sued her to collect credit card debt it had purchased from Household Bank. She claims Palisades failed to attach a copy of the contract to its complaint, rendering the collection action subject to the five-year limitations period for unwritten contracts. She argues the collection case was time-barred because the charge-off date and date of last payment for her account occurred more than five years earlier. Palisades voluntarily dismissed its suit against Ramirez on April 10, 2007.

Ramirez alleges Palisades regularly brings time-barred suits against Illinois consumers, hoping for default judgments against them. More specifically, Ramirez complains that Palisades files time-barred lawsuits in the hope that consumers will not realize that they have limitation defenses and will not be able to find lawyers to represent them. She contends this practice violates the FDCPA.

Ramirez previously sought certification of a proposed class defined as:

(a) all individuals with Illinois addresses, (b) against whom [Palisades] filed suit on a credit card debt originated by Household Bank (c) where both the date of charge-off and the date of last payment, as shown by [Palisades'] records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after a date 12 months prior to the filing of this action and prior to a date 20 days after filing of this action, and (e) [where Palisades] cannot produce [the] written contract [it sued upon] signed by both the original creditor and the

---

the contract is deemed to be an oral contract; the five-year statute of limitations applies. *See Armstrong v. Guigler*, 174 Ill.2d 281, 294, 673 N.E.2d 290 (Ill. 1996).

putative debtor.

This court denied without prejudice Ramirez's motion because the class definition required an exhaustive, individualized inquiry into whether Palisades can presently find, in its own files or those of another entity, a written contract to exclude a debtor from the class. *Ramirez v. Palisades Collection LLC*, No. 07 C 3840, 2007 WL 4335293, at *3 (N.D. Ill. Dec. 5, 2007) ("*Ramirez I*"). In order to cure this deficiency, Ramirez amended subpart (e) of its class definition to read as follows:

> (a) all individuals with Illinois addresses, (b) against whom [Palisades] filed suit on a credit card debt originated by Household Bank (c) where both the date of charge-off and the date of last payment, as shown by [Palisades'] records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after July 9, 2006 (one year before the filing of this action) and prior to July 29, 2007 (20 days after the filing of this action), and (e) [where Palisades] did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

Am. Compl. ¶ 25. Ramirez alleges this amended class definition is now objectively identifiable and describes in excess of 1,200 people. *Id.* at ¶ 26. Ramirez again moves to certify the proposed class pursuant to Fed. R. Civ. P. 23.

## DISCUSSION

### I. Legal Standards

#### A. Class Certification

The court has broad discretion whether to certify a proposed class, and the proponent bears the burden of showing that certification is warranted. *Hyderi v. Washington Mutual Bank, FA*, 235 F.R.D. 390, 394 (N.D. Ill. 2006) (Filip, J.). A court will certify a proposed class only if plaintiff satisfies all requirements of Rule 23(a) and at least one of the conditions enumerated in Rule 23(b).

*Id.* at 395. The class must be sufficiently well defined to satisfy Rule 23. *Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005) (Conlon, J.), *aff'd*, 472 F.3d 506 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 2952 (2007). A court should not analyze the merits of a claim in deciding whether to certify a class, but it may "prob[e] behind the pleadings" to determine whether the named plaintiff's claims fairly encompass those of the class she seeks to represent. *See Hyderi*, 235 F.R.D. at 395; *see also General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). The court does not "talismanically accept" plaintiffs' factual allegations as true when determining certification. *Hyderi*, 235 F.R.D. at 395. A class action should be certified only if the court is satisfied "after a rigorous analysis" that Rule 23 is met. *Id.* (quoting *Falcon*, 457 U.S. at 161).

### B. FDCPA

The FDCPA prohibits use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e explicitly outlaws "[t]he false representation of the character, amount, or legal status of any debt," "[t]he threat to take action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. §§ 1692e(2)(A), (5), (10). Accordingly, a debt collector may not file time-barred lawsuits against a debtor. *Stepney v. Outsourcing Solutions, Inc.*, No. 97 C 5288, 1997 WL 722972, at *4 (N.D. Ill. Nov. 13, 1997) (Conlon, J.).

The FDCPA also prohibits use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f explicitly proscribes "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or

permitted by law." 15 U.S.C. § 1692f. A debt collector who files a lawsuit to collect a time-barred debt, "without first determining after a reasonable inquiry that the limitations period is due to be tolled, constitutes an unfair and unconscionable practice offensive to § 1692f." *Kimber v. Fed. Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987); *see also Stepney*, 1997 WL 722972, at *4.

The FDCPA expressly provides for class actions. 15 U.S.C. § 1692k(a)(2)(B). The court reviews alleged FDCPA violations under an objective, unsophisticated consumer standard. *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## II. Analysis

### A. Class Definition

The court must decide whether the proposed class is sufficiently defined so as to be identifiable, and whether the named plaintiff falls within the class definition. *Oshana*, 225 F.R.D. at 580. This is necessary because of the binding effect of class actions on unnamed class members. *Foreman v. PRA III, LLC*, No. 05 C 3372, 2007 WL 704478, at * 5 (N.D. Ill. Mar. 5, 2007) (Pallmeyer, J.) (citation omitted). A class is identifiable if the class members can be ascertained based on objective criteria. *Id.* (citation omitted). If the court is required to conduct individual inquiries to determine whether each potential class member falls within the class, the court should deny certification. *Ramirez I*, 2007 WL 4335293, at *2.

Ramirez falls within the amended class definition: (a) she lives in Illinois; (b) Palisades sued her to collect credit card debt originally owed to Household Bank (c) more than five years after both the date of her last payment and the date her debt was charged-off and (d) less than a year before she filed her action; and (e) Palisades did not attach to its collection complaint a

5

contract signed by Ramirez and her original creditor.

Again, Palisades advances several arguments attacking the sufficiency of the class definition. First, Palisades contends that Ramirez's new class definition is disconnected and incompatible with her liability theory. Palisades argues Ramirez's FDCPA claims are premised on Palisades' unlawful use of collection suits to recover time-barred debt, *not* on Palisades' failure to attach documents in support of its state court collection complaints. This argument is misplaced. Ramirez's theory is that Palisades' collection suits are time-barred precisely because the collection complaints do not have executed written contracts appended to them. Am. Compl. ¶¶ 15-25. The failure to attach written contracts to collection complaints mandates a presumption that the underlying contracts are unwritten. *See Barnes*, 103 Ill. App. 2d at 428. For statute of limitations purposes, claims based on unwritten contracts warrant application of a five-year statute of limitations. *Brown*, 147 Ill. App. 3d at 939-940; 735 ILCS 5/13-205. Thus, collection complaints brought more than five years after the last charge-off date and last payment date would be time-barred. Conditioning the class definition on whether Palisades' attached executed agreements to its collection complaints is therefore compatible with Ramirez's liability theory.

Second, Palisades contends that Ramirez's amended class definition is still insufficient because the definition will require cumbersome individual inquiry. Ramirez counters that the amended class definition is now objectively identifiable because class members can easily be ascertained with only a ministerial review. Indeed, identifying class members will not require arduous individual inquiry. Rather, under Ramirez's amended class definition, the inquiry will only involve whether a written contract – signed by both the original creditor and the putative

6

debtor – was attached to the underlying collection complaint. This objective criteria is sufficient to identify class members. *See, e.g., Lau v. Arrow Fin. Servs.*, LLC, 245 F.R.D. 620, (N.D. Ill. Sept. 28, 2007) (Guzman, J.) (the task of making an inquiry into each potential class member's records may be administratively burdensome, but it is not "so daunting as to make the class definition insufficient").[2]

In addition to these arguments, Palisades mounts four deficient attacks on the class definition previously addressed in *Ramirez I*, 2007 WL 4335293, at *3-4. Specifically, Palisades claims the amended definition is overbroad because it includes several categories of debtors who would not have standing to sue: (1) those who admit the existence of the contracts Palisades sued upon; (2) those whose debts were discharged in bankruptcy; (3) those whose claims are barred by the *Rooker-Feldman* doctrine because Palisades won state court judgments against them, and (4) debtors who were not served with a complaint in the relevant Palisades debt-collection action. For the same reasons stated in the court's previous opinion, these attacks fail and do not warrant discussion. *Id.* Ramirez's amended class definition is sufficient.

### B. Rule 23(a) Requirements

Rule 23(a) requires that (1) class members be so numerous that joinder of their claims is impracticable ("numerosity"), (2) all class members' claims have a question of law or fact in common ("commonality"), (3) the named plaintiff's claims and defenses be typical of those of her fellow class members ("typicality"), and (4) the named plaintiff and her attorneys be able to

---

[2]Additionally, as previously held, determination of the charge-off and last-payment dates for each plaintiff should be relatively simple because Palisades' computer files list these data for its debtors. *Ramirez I*, 2007 WL 4335293, at *3.

protect the interests of the class fairly and adequately ("adequacy"). Fed. R. Civ. P. 23(a).

### 1. *Numerosity*

Rule 23(a) requires that putative class members be so numerous that joinder of their claims is impracticable. Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible; instead Ramirez must prove that joinder would be inconvenient and difficult. *Duffin v. Exelon Corp.*, No. 06 C 1382, 2007 WL 845336, at *4 (N.D. Ill. Mar. 19, 2007) (Conlon, J.). Ramirez may establish impracticability based on good faith estimates, and the court may rely on "common sense assumptions" in determining whether the proposed class is sufficiently numerous. *Allen v. Chicago Transit Auth.*, No. 99 C 7614, 2000 WL 1207408, at *7 (N.D. Ill. July 31, 2000) (Conlon, J.). Ramirez contends she meets the numerosity requirement, citing that there are more than 1,200 putative class members. Am. Compl. ¶ 26. Although this number is an estimate of debtors for whom Palisades cannot produce written contracts (as opposed to an estimate of collection complaints where written contracts were not attached), Palisades does not dispute that this is a good faith estimate of Ramirez's class. Ramirez establishes numerosity.

### 2. *Commonality*

To meet Rule 23(a)'s commonality requirement, Ramirez must demonstrate that all putative class members' claims share "a common nucleus of operative fact." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A common set of operative facts is usually present when defendants are claimed to have engaged in "standardized conduct toward the members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *see Allen v. City of Chicago*, 828 F. Supp. 543, 551 (N.D. Ill. 1993) (Aspen, J.). "Not all factual or legal questions raised in a lawsuit need be common so long as a single issue is common to all class members."

*Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986) (Hart, J.) (citing *Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 87 F.R.D. 457 (N.D. Ill. 1980)). Thus, class certification cannot be defeated merely because there are some factual variations among the members' grievances. *See Allen*, 828 F. Supp. at 551. Ramirez argues Palisades' alleged practice of filing time-barred suits is common to the putative class, as is the question whether that alleged practice violates the FDCPA. Indeed, these common questions were noted in the court's previous decision. *Ramirez I*, 2007 WL 4335293, at *5.

Palisades nevertheless maintains that commonality is absent. Palisades emphasizes that individualized inquiries are necessary to determine whether each underlying suit against a class member is time-barred. Palisades reiterates that in order to decide this issue, a wide-ranging search for documents is necessary to determine whether written contracts exist between Household Bank and each putative debtor. Palisades also speculates that because it may be able to raise different defenses against different class members, commonality is not met. These arguments are unavailing.

First, contrary to Palisades' characterization, the class claims share an overarching common factual basis. The claims are premised on Palisades' purported standardized practice of filing time-barred suits to obtain default judgments against unwitting debtors. *See, e.g., Keele*, 149 F.3d at 594 (common set of operative facts usually present when defendants engaged in "standardized conduct"). Common legal questions are also present, namely, whether the failure to attach a written contract to a debt-collection complaint subjects the suit to a five-year limitations period, and whether filing time-barred debt collection actions violates the FDCPA. These common issues unite the class.

9

Second, certification should not be thwarted simply because Palisades speculates that it may raise various unsupported defenses against different class members. *See Sandoval v. City of Chicago*, 07 C 2835, 2007 WL 3087136, at *7 (N.D. Ill. Oct. 18, 2007) (Conlon, J.) (defendant cannot thwart class certification by merely raising unsupported defenses). This argument was previously rejected. *Ramirez I*, 2007 WL 4335293, at * 5. Accordingly, commonality is established.

### 3. *Typicality*

Ramirez's claim is "typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d at 595 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Courts have cautioned, however, that "[t]ypical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996) (citation omitted). In deciding whether Ramirez has met the typicality requirement, the court must focus on Palisades' conduct and determine whether Ramirez and members of the putative class claim similar injuries. *See Rosario*, 963 F.2d at 1018. Analyses of commonality and typicality are closely related. *Hyderi*, 235 F.R.D. at 396.

Ramirez's claim is typical of the class because all were subject to Palisades' alleged practice of filing suit to collect time-barred debts. Palisades' counter-argument that Ramirez's claims may be individually distinct from other class members does not alter this conclusion. Even though there may be factual variations between Ramirez and other class members, they are not sufficient to defeat typicality. *See, e.g., Foreman*, 2007 WL 704478, at *9-10 (factual differences between the class representative's claims and those of other class members are

10

permissible). The typicality requirement is meant to ensure that the named representative's claims "'have the same essential characteristics as the claims of the class at large.'" *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993) (quoting *De La Fuente*, 713 F.2d at 232). Ramirez claims she suffered a similar injury to other class members by similar means – the filing of time-barred collection complaints without attaching executed contracts. Given these similar characteristics among all class members, and bearing in mind that putative class members' claims are based on the same legal theory, typicality is satisfied. *See Oshana*, 472 F.3d at 506.

### 4. *Fairness and Adequacy*

Rule 23(a)'s adequacy requirement has two prongs: Ramirez's counsel must be skilled and experienced enough to represent the class effectively, and Ramirez must be able to protect the interests of all class members. *Hyderi*, 235 F.R.D. at 396. Palisades does not dispute the adequacy of plaintiff's counsel. Ramirez's attorneys are experienced and able to prosecute the proposed suit effectively.

In determining whether Ramirez is able to protect the interests of all class members, the court considers whether Ramirez's interests are antagonistic to the class, and whether Ramirez is sufficiently interested in the outcome to ensure vigorous litigation. *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317-19 (N.D. Ill. 1995) (Castillo, J.) (citations omitted). On Ramirez's original motion for class certification, the court held that Ramirez was an adequate class representative because she and putative class members have suffered the same injury as a result of the same conduct. *Ramirez I*, 2007 WL 4335293, at *6. There is nothing in the record suggesting Ramirez's interests are antagonistic to the class or that she is not interested in the

outcome of the litigation. Ramirez is an adequate class representative.

## B. Rule 23(b)(3) requirements

After fulfilling the requirements of Rule 23(a), Ramirez must also meet one of the subsections of Rule 23(b). Ramirez seeks certification under Rule 23(b)(3), which authorizes class actions where (1) "questions of law or fact common to members of the class predominate over any questions affecting only individual members;" and (2) the "class action is superior to other available methods for resolving the controversy." Fed. R. Civ. P. 23(b)(3); *Hyderi*, 235 F.R.D. at 398. The objective of the two requirements of Rule 23(b)(3) is the promotion of economy and efficiency. *See* Fed. R. Civ. P. 23(b)(3) advisory committee notes. When common issues predominate, class actions achieve these objectives by minimizing costs and avoiding confusion that would result from inconsistent outcomes. *Id.*

In considering Rule 23(b)(3)'s requirements, the court must review the substantive elements of plaintiffs' cause of action, the proof necessary for the various elements and the manageability of the trial on these issues. *Rodriguez v. Ford Motor Credit Co.*, No. 01 C 8526, 2002 WL 655679, *4 (N.D. Ill. Apr. 18, 2002) (Conlon, J.) (citing *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir.1981)). Where liability determinations are both individual and fact-intensive, class certification under Rule 23(b)(3) is improper. *Rodriguez*, 2002 WL 655679 at *5. Predominance concerns whether the named plaintiffs can offer proof on a class-wide basis through their individualized claims. *Id.* This requirement is distinct from Rule 23(a)(2)'s commonality element and "far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). The standard is met when there exists generalized evidence that proves or disproves an element on a simultaneous, class-wide basis, obviating the need to examine each class member's

individual position. *Foreman*, 2007 WL 704478, at *11. Superiority is established when a class action would achieve "economies of time, effort, and expense," and promote uniformity of decisions without sacrificing procedural fairness. *Amchem*, 521 U.S. at 615.

1. *Predominance*

Ramirez offers several common issues that predominate over individual issues. There is a common issue regarding whether filing a collection lawsuit without attaching a written contract mandates application of a five-year statute of limitations. There is also a common overarching issue regarding whether Palisades' allegedly standardized practice of suing on time-barred debt violates the FDCPA.

Palisades attempts to undercut these common elements by arguing that liability will depend on an individualized inquiry of every putative debtor. It maintains that in order to determine whether Palisades sought to collect on time-barred debts, it first needs to be determined which statute of limitations applies. To determine whether a 10-year or a 5-year limitations period applies, Palisades argues that for every debtor, it must be determined whether Palisades can produce a signed agreement, either from its own files or from Household Bank. This argument is unpersuasive.

Palisades' speculative ability to produce a signed agreement or other documents do not sufficiently indicate that a 10-year statute of limitations is warranted. Rather, as explained above, Palisades' failure to attach written contracts to its collection complaints mandates that the underlying contracts be deemed unwritten, and subject to a five-year limitations period. This common factual and legal issue may be determined through generalized evidence rather than individualized inquiries. *See, e.g., Foreman*, 2007 WL 704478, at *17-18.

13

*Foreman v. PRA III, LLC* is particularly instructive. In *Foreman*, plaintiff charged defendants with bringing state court collection actions on time-barred debts because defendants did not possess "written contracts" as defined by 735 ILCS 5/13-206. *Id.* at *17-18. The court held that individual issues did not predominate as to whether a written contract existed, because generalized evidence that no written contracts existed would be sufficient to determine whether defendants brought time-barred debt claims against class members. *Foreman*, 2007 WL 704478, at *17. The court ultimately declined to certify the class, but recognized that predominance was satisfied. *Id.*

This case resembles *Foreman*. The overriding common question with respect to time-barred debt is whether Palisades failed to attach to its collection complaints a written contract signed by the original creditor and putative debtor. Based on this question, it is not evident that the court would undertake individual inquiries as Palisades envisions. Rather, generalized evidence would be sufficient to show (1) whether Palisades undertook the practice of failing to attach executed contracts to collection complaints; and (2) whether a standardized practice constituted a violation of the FDCPA. *See id.* Due to these paramount common issues, predominance is satisfied.

### 2. *Superiority*

Rule 23(b)(3) requires "that a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The pertinent factors include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability of

14

concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. *Id.*

Ramirez claims that a class action is superior for the fair and efficient adjudication of this matter because (1) individual actions are not economically feasible; (2) class members are likely to be unaware of their rights; and (3) Congress intended class actions such as this one to be the principal enforcement mechanism under the FDCPA.

There is no indication that individual debtors seek to individually control their cases, that individual litigation is already pending in other forums, or that this particular forum is undesirable for any reason. Ramirez insists that the sheer number of class members dictates that class treatment is the superior method of adjudication, especially considering that potential damages would be too insignificant to provide class members incentive to individually pursue their claims. *See, e.g., Jackson v. Nat'l Action Fin. Servs. Inc.*, 227 F.R.D. 284, 289 (N.D. Ill. 2005) (Castillo, J.). Ramirez also argues that many class members likely have no knowledge that they have legal claims against Palisades. This is not surprising considering that unsophisticated consumers might not be aware of a statute of limitations defense. *See Kimber*, 668 F. Supp. At 1487-89. Ramirez's arguments are persuasive, and are not undermined by Palisades' contention that individual issues undercut the efficiency of proceeding as a class action. As discussed above, common issues predominate.

Finally, Palisades' argument that a damages cap favors individual actions is unpersuasive. There is no indication that individual debtors are likely to gain more in damages if they bring their claims individually. As noted above, class members may not even be aware they have a claim. Superiority is satisfied.

15

## CONCLUSION

Ramirez has met her burden of proving a class action is appropriate under Fed. R. Civ. P. 23. Accordingly, her amended motion for class certification is granted. The following class is certified:

> (a) all individuals with Illinois addresses, (b) against whom defendant filed suit on a credit card debt originated by Household Bank (c) where both the date of charge-off and the date of last payment, as shown by defendant's records, were more than five years prior to the date of filing, (d) where the lawsuit was filed or served on or after July 9, 2006 (one year before the filing of this action) and prior to July 29, 2007 (20 days after the filing of this action), and (e) defendant did not attach to the complaint a written contract signed by both the original creditor and the putative debtor.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 28, 2008